UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE HARPAGON COMPANY, LLC,<br>   Plaintiff,<br>v.<br>FXM, P.C. d/b/a FRANK X. MOORE &<br>ASSOCIATES, attorneys at law,<br>   Defendant. | Case No.<br>1:09-CV-1146-TWT-CCH |
| KEITH L. THOMPSON, as administrator of the Estate of Margo T. Thomas and as guardian for the minor child E.A.T., and DARREL K. THOMAS,<br>   Plaintiffs,<br>v.<br>HEARTWOOD 11, LLC; VESTA HOLDINGS I, LLC; VESTA HOLDINGS, INC; THE HARPAGON COMPANY, LLC; JOHN E. RAMSEY; ROBERT J. ROHRER; PATRICIA A. HUSSEY in her official capacity as Tax Commissioner of Clayton County, Georgia; ALEXANDER CLOUD, JR.; VERSHA V. CLOUD; and JOHN DOE-1 THROUGH JOHN DOE-5,<br>   Defendants,<br><br>FRANCIS X. MOORE and FXM, P.C.,<br>   Additional Parties. | Case No.<br>1:09-CV-1300-TWT-CCH |
| THE HARPAGON COMPANY, LLC,<br>   Plaintiff,<br>v.<br>FRANCIS XAVIER MOORE, CORNELIA MOORE, BANK OF ATLANTA, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BRANCH BANKING & TRUST COMPANY,<br>   Defendants. | Case No.<br>1:09-CV-1319-TWT-CCH |

# OBJECTION TO MAGISTRATE JUDGE'S REPORT

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C.A. § 636(b)(1) defendants, and FXM, P.C. d/b/a Frank X. Moore & Associates ("the "FXM Law Firm"), Francis X. Moore ("Mr. Moore") and Cornelia Moore (Mrs. Moore, who, together with the FXM Law Firm and Mr. Moore are collectively referred to as the "Moore Parties"), and submit these written objections to Magistrate Judge C. Christopher Hagy's Report and Recommendation of July 30, 2009 (the "Report & Recommendation"), recommending remand of the foregoing cases to the state courts from which they were removed.

## INTRODUCTION

Magistrate Hagy considered the motion for remand of the three above-styled cases together in one order after noting that, "the arguments made in support of removal are similar in each case; many facts and documents are common to all three cases, and the parties in each case overlap." For the same reason, the Moore Parties also file, in each of the three cases, this omnibus objection to the Report and Recommendation, starting with the first removed action.

1.

On page 20 of the Report and Recommendation, Magistrate Hagy concluded that the test for removal was "whether, under *Rachel*, Moore has established that a firm prediction can be made that the state court actions to collect the judgment held

against him by Harpagon will "conclusively deny" his federal rights." In reaching this conclusion, Magistrate Hagy overlooks the exception to the traditional "denied or cannot enforce" interpretation which was recognized by the U.S. Supreme Court in *State of Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed. 2d 925 (1966) and argued here by the Moore Parties.

In *Rachel*, the Court recognized that § 203 of the Civil Rights Act of 1964 specifically prohibited any "punishment or attempts to punish" any person for exercising rights secured by other sections of the Act. *Id*. In fact, the Court noted that in *Hamm v. City of Rock Hill*, 379 U.S. 306, 311, 85 S.Ct. 384, 389, 13 L.Ed.2d 300 (1964), it had interpreted § 203 of the Civil Rights Act of 1964 to prohibit "on its face ... prosecution of any person for seeking service in a covered establishment, because of his race or color." *Rachel*, 384 U.S. at 785, 86 S.Ct. at 1786. Based on the prohibition against prosecution contained in § 203, the Court concluded that "nonforcible attempts to gain admittance to or remain in establishments covered by the Act, are immunized from prosecution." Id. Accordingly, the Court opined that "in the narrow circumstances of this case, any proceedings in the courts of the States will constitute a denial of the rights conferred by the Civil Rights Act of 1964 as construed in *Hamm*." *Id*. at 804, 86 S.Ct. at 1796 (emphasis added).

Just as § 203 of the Civil Rights Act of 1964 prohibited any "punishment or attempts to punish" any person for exercising rights secured by the Act, so, too, does

42 U.S.C. § 1985 prohibit "two or more persons [from conspiring] for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, **or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.**" 42 U.S.C. §1985(2) (Emphasis added). Harpagon's retaliation and intimidation is also prohibited under 18 U.S.C. § 241, which makes it a crime to "conspire to injure, oppress, threaten, or intimidate any person . . . in the fee exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . ."

2.

On page 22 of the Report and Recommendation, Magistrate Hagy concluded that "[b]ecause cases No. 1146 and No. 1319 are 'against' Moore and his law firm, not his clients, Moore cannot assert the deprivation of his clients' rights under § 1981 as the basis for removal under 1443(1)." The right to remove is meaningless in the context of intimidation and retaliation if it is only the black victim that can remove an action based on violations of his or her civil rights. Where the black victim's attorney is white, all the intimidation and retaliation can be directed at the white attorney (who, in most cases, would be forced to withdraw from the representation) without ever worrying about federal jurisdiction for such actions against the black

victim's white attorney. Here, Harpagon's lawsuits seeking control of Moore's law firm and the forced sale of his home are being filed against Mr. Moore solely because of his and in his role as attorney for the African-American Thomas orphans.

While Magistrate Hagy characterizes the three actions as simply lawful actions taken to collect a judgment, they are not. Indeed, what Harpagon is attempting to accomplish in the dissolution action is to remove Moore and his firm from representing their African-American clients, and allow Harpagon the right to pick a substitute attorney to represent those same clients. Each of the individual actions may not raise any question when considered in a vacuum. For under such an examination, it might appear that each such action is merely an attempt to collect a debt. Notably, however, there is no provision in the state court for the oversight of all of the actions, thereby leaving the Moore Parties no remedy other than appearing in federal court and asking for relief for violations of their civil rights.

Just as Harpagon is not "merely attempting to collect a judgment," so too the Moore Parties are not simply trying to stop Harpagon from collecting that judgment. What the Moore Parties <u>are trying to do</u>, is to prevent Harpagon from fulfilling its unlawful mission to remove an effective advocate for the victims of Harpagon's criminal enterprise, leaving them with no one to protect their interests. Indeed, the suit for dissolution of the FXM Law Firm, complete with its demand for the appointment of a receiver to take over the representation of the FXM Law Firm's

clients is, by itself, contrary to the previously cited federal civil rights statutes.

3.

On page 27 of his Report and Recommendation, Magistrate Hagy concludes that "Moore . . . is not being sued or prosecuted for any activities he may have carried out 'under color of authority'." This finding is made based solely on the pleadings, as no hearing or trial on these issues took place. Ample factual allegations were made in the Notice of Removal, however, to demonstrate the contrary . . . that Moore is being sued precisely because he has exposed and reported the criminal conduct of the enterprise. Indeed, one need only look at the virulent relief sought by Harpagon in its purported quest to "collect a judgment," and it is perfectly clear that there is much more to these efforts than merely trying to collect.

4.

On page 28 of his Report and Recommendation, Magistrate Hagy concludes that "there is no evidence that Moore is an officer of the United States, and, as noted above, he is not being sued for any act under color of federal authority." Moore has presented the following tautology: (1) he is an officer of the court and a citizen; (2) like all citizens, Moore has an affirmative duty pursuant to 18 U.S.C. §4 to report conduct which is or may constitute a federal felony; (3) Moore has been fulfilling his duties to report the Enterprise's criminal conduct to federal law enforcement; (4) Moore has alleged (and can prove) that the Enterprise has repeatedly retaliated

against him, and that with a judgment procured by fraud, it is now, through the state court actions and other means, attempting to destroy Moore's ability to make a livelihood and continue representing the victims of the Enterprise's criminal conduct; and (5) case law indicates that those who are aiding or assisting federal officers are included within the scope of the removal statutes. Given the foregoing, the Magistrate's conclusion that removal is not proper pursuant to 28 U.S.C. § 1442 is erroneous.

5.

On page 10 of his Report and Recommendation, Magistrate Hagy concludes that Keith Thompson's (Mr. Thompson is the uncle of the two orphans) removal of case no. 1300 was improper. Removal, however, was also done by Moore and the FXM Law Firm. While Mr. Thompson was the Plaintiff, neither Moore nor the FXM Law Firm were plaintiffs, and only became defendants when the Enterprise defendants filed motions seeking attorneys fees from Moore and the FXM Law Firm.

6.

On page 30 of his Report and Recommendation, Magistrate Hagy recommends that Defendant Harpagon be permitted to prove and recover its attorneys fees and costs in the removal of case no. 1300. In footnote 7 in Rachel, however, the legislative history is discussed and it is pointed out that Congress could have specified the cases in which removal was appropriate, but decided instead to "allow

the courts to deal case by case with situations as they arise, and to fashion the remedy so as to harmonize it with the other statutory remedies made available for denials of equal civil rights."

## CONCLUSION

The Magistrate Judge's Report is erroneous, as set forth above. Consequently, these objections to the Report and Recommendation should be sustained and the Report and Recommendation should be rejected.

Respectfully submitted, this 13th day of August, 2009.

FRANK X. MOORE & ASSOCIATES

_____
Frank X. Moore
Georgia Bar No. 519120

1847 Peeler Road, Suite D[1]
Atlanta, Georgia 30338
(404) 849-6176
fmoore@fxm-law.com

Attorneys for Defendants Francis X. Moore and Cornelia Moore

---

[1] Please note this new address.

## CERTIFICATE OF SERVICE

I hereby certify that, as of the date indicated below, I have electronically filed this **Francis X. Moore and Cornelia Moore's Motion to Amend Their Response to Plaintiff's Motion for More Definite Statement** with the Clerk of Court using the CM/ECF system, which will send electronic notification to all participating attorneys of record including the following:

>Robert J. Proctor, Esq.
>Bradley A. Hutchins, Esq.
>John C. Clark, Esq.
>Proctor Hutchins
>8010 Roswell Road, Suite 250
>Atlanta, Georgia 30350
>rproctor@proctorhutchins.com
>
>Susan L. Howick, Esq.
>Jonathan P. Rotenberg, Esq.
>Howick, Westfall, McBryan & Kaplan, LLP
>One Tower Creek, Suite 600
>3101 Tower Creek Parkway
>Atlanta, Georgia 30339
>showick@hwmklaw.com
>
>Nancy H. Baugham, Esq.
>Cinnamon V. Davis, Esq.
>Parker, Hudson, Rainer & Dobbs, LLP
>285 Peachtree Center Avenue, N.E.
>1500 Marquis Two Tower
>Atlanta, Georgia 30303
>nbaugham@phrd.com
>cdavis@phrd.com

This 13th day of August, 2009.

_____
Frank X. Moore